**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ANITA CARTER | Civil Action No. |
| Plaintiff | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, COMENITY BANK | |
| | **JURY TRIAL DEMANDED** |
| Defendants | |

## <u>COMPLAINT</u>

NOW comes the Plaintiff, ANITA CARTER (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

## <u>PRELIMINARY STATEMENT</u>

1.     This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1681 <u>et</u> <u>seq.</u> (Fair Credit Reporting Act).

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

1

4.     All violations by the Defendants were knowing, reckless, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

5.     Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, subsidiaries, shell corporations, D/B/As and insurers of those Defendants named in this Complaint.

## JURISDICTION AND VENUE

6.     Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

7.     Venue in this District is appropriate under 28 U.S.C. §1391(b).

## PARTIES

8.     Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.     Defendant, Experian Information Solutions, Inc (hereinafter Experian) is a For-Profit Incorporation that has a headquarters in the Eastern District of Texas as well as being registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681a(d), to third parties.

10.     Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to

third parties. Based on information and belief, Equifax is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

11.     Defendant, TransUnion, LLC, (hereinafter TransUnion) is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, TransUnion is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

12.     Defendant Comenity Bank (hereinafter Comenity) is a For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in the Eastern District of Texas.

13.     All defendants conduct regular, continuous, systematic, and substantial business in the Eastern District of Texas.

## FACTUAL ALLEGATIONS

14.     Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

15.     Plaintiff's name is Anita Carter.

16.     Plaintiff purchased a home in March 2023. When they closed on the home, Heritage Title sent a check to pay off Plaintiff's Comenity Bank Zales card in full. Plaintiff has proof of this. Plaintiff is still being held accountable for a balance that was already paid off.

17.    After Plaintiff discovered the inaccurate credit reporting, they disputed the inaccurate account with Experian, Equifax, and TransUnion (collectively "the Credit Reporting Agencies"), via dispute letters mailed directly the Credit Reporting Agencies via USPS certified mail dated October 6, 2023, each containing a detailed and thorough dispute letter in which Plaintiff identified the accounts and other information appearing on their credit report. In their dispute letter, Plaintiff explained that they were the victim of inaccurate credit reporting. Plaintiff included a copy of their driver's license with their dispute letter.

18.    In order to aid the Credit Reporting Agencies in their processing of their dispute, Plaintiff recorded a video explaining their situation and their damages and included links to the video in their dispute letter.

19.    Plaintiff's first Equifax dispute was picked up at the postal facility and signed for by an Equifax employee on October 13, 2023. Plaintiff's Equifax dispute appears to have been signed for by an Equifax employee named Emanual Holdman. The USPS return receipt for Plaintiff's first Experian dispute provides that it was delivered and left with an individual at Experian on October 14, 2023. Plaintiff's first Experian dispute was signed for by an Experian employee named James Swanson. Plaintiff's first TransUnion dispute was picked up at a postal facility and signed for by a TransUnion employee on October 13, 2023.

20.    Later, on November 26, 2023, Plaintiff viewed their Experian credit report and found that it had continued reporting the disputed account inaccurately on Plaintiff's Experian credit report.

21.    On November 27, 2023, Plaintiff viewed their Equifax and TransUnion credit reports and found that the Credit Reporting Agencies had continued reporting the disputed account inaccurately on Plaintiff's respective credit reports.

22.     Experian, TransUnion, Equifax, and Comenity Bank reported inaccurate credit information on Plaintiff's credit file and credit report.

23.     The inaccurate account that continued to be reported by the Credit Reporting Agencies (collectively "the CRAs") is:

ADS/COMENITY/ZALES Acct# 578097XXXXXXXXXX

## CAUSES OF ACTION

24.     Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

25.     This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA). All causes of action were the proximate, substantial factor in, and/or producing causes of damages which Plaintiff has suffered.

## COUNT I-VIOLATION OF THE FAIR CREDIT REPORTING ACT

26.     Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

27.     This suit is brought against all Defendants as Plaintiff's damages that are the basis of this lawsuit were caused by Defendants' violations of the FCRA. In all instances of violating the FCRA, Defendants' conduct was willful, intentional, reckless, and/or negligent. Under, 15 U.S.C. §1681n and §1681o, Plaintiff is entitled to recover statutory damages, actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

(a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) any actual damages sustained by the consumer as a result of the failure; and
(2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### ***Experian's FCRA Violations***

28.  After Plaintiff discovered the inaccurate credit reporting of the Comenity Bank account on their Experian credit report, Plaintiff mailed a dispute directly to Experian via USPS certified mail.

29.  Plaintiff's dispute package to Experian included a detailed and thorough dispute letter dated October 6, 2023, and a copy of Plaintiff's driver's license for identification verification.

30.  In order to aid Experian in its processing of Plaintiff's dispute, Plaintiff recorded a video explaining their situation and their damages and included links to the video in their dispute letter.

31.  Plaintiff's dispute package to Experian was delivered and left with an individual at Experian on October 14, 2023. Plaintiff's first dispute package to Experian was signed for by an Experian employee named James Swanson.

32.  On November 26, 2022, Plaintiff viewed their Experian credit report and found that Experian had continued to report the disputed Comenity account.

33.     Experian violated its duty under 15 U.S.C. §1681i(a)(1)(A) by failing conduct a reasonable investigation into Plaintiff's notice of dispute. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

34.     Experian violated its duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

35.     Experian violated its duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

36. The fact that Experian continued its reporting of the inaccurate information on Plaintiff's credit profiles/credit reports is proof that Experian failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information on more than one occasion.

15 U.S.C. §1681i(a)(1)(A) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5),

before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

15  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

37.     Experian violated 15 U.S.C. §1681e(b), when it failed to follow reasonable procedures to assure maximum accuracy of the information, it reported on Plaintiff's credit report/file. Based on the facts, information and allegations within the complaint, Experian willfully, intentionally, recklessly, and negligently violated this section of the FCRA.

38.     If Experian had implemented reasonable procedures to assure maximum accuracy, it would have either deleted, suppressed and/or blocked the inaccurate information after being

8

notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

(a)  Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

### ***Damages***

39.     Experian's inaccurate reporting has caused past, current, and future actual damages to the Plaintiff and will continue to cause damages for an unknown period of time. The inaccurate account being reported has a negative effect on Plaintiff's credit reputation, credit worthiness, and credit scores, and Plaintiff's overall borrowing power is severely damaged. In short, Plaintiff's credit was destroyed. Plaintiff is entitled to an accurate credit file/report.

40.     As a result of Experian's violations of the FCRA, which are listed above, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter. Experian, as defined above, conducted itself in a manner that it acted willfully, intentionally, recklessly, and/or negligently in its actions related to Plaintiff and therefore Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter.

41.     The conduct of Experian was a direct and/or proximate cause, as well as a substantial factor in, and/or a producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this complaint. Plaintiff expects their damages caused by Experian to continue to accrue and be ongoing until they are made whole again if that ever occurs.

42. Experian, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as, such other relief, permitted by law to compensate. Plaintiff has suffered the following types of damages due to the previously described conduct of Experian:

        a. Physical manifestations of mental anguish, humiliation, embarrassment, and anxiety. Plaintiff's anxiety, depression and mental anguish have caused Plaintiff frequent loss of sleep up to 3-4 nights weekly, weight loss, and neck and back pain. Plaintiff now takes medication for her headaches, loss of sleep, stress, and high blood pressure. Plaintiff's damages are significant, continuing, and ongoing.

        b. Emotional damages in the form of mental anguish, humiliation, and embarrassment. The inaccurate reporting has caused Plaintiff to feel anxious in her everyday life. Plaintiff has also suffered from depression as a result of Experian's conduct. Plaintiff also takes medication to alleviate her stress and anxiety. Plaintiff has experienced debilitating stress, anxiety, and depression as a result of Experian's inaccurate reporting and cries frequently due to the stress she has been under. Plaintiff's damages are significant, continuing, and ongoing.

        c. Damages to Plaintiff's credit worthiness, credit reputation, and borrowing power. Plaintiff's wealth has been delayed as a result of Experian's conduct.

43. Plaintiff's damages caused by and through the conduct of Experian are more specifically described as follows:

        a. Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

      b.   Physical manifestations of stress and anxiety including loss of sleep, headaches, weight loss, and neck and back pain.

      c.   Financial damages including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power.

      d.   All other damages as described above.

44.    All of Plaintiff's damages have led to their great detriment and loss were caused by and are continuing due to the above-described conduct of Experian.

### *Trans Union's FCRA Violations*

45.    After Plaintiff discovered the inaccurate credit reporting of the Comenity account on their TransUnion credit report, Plaintiff mailed their dispute directly to TransUnion via USPS certified mail.

46.    Plaintiff's dispute package to TransUnion included a detailed and thorough dispute letter dated October 6, 2023, and a copy of Plaintiff's driver's license for identification verification.

47.    In order to aid TransUnion in its processing of Plaintiff's dispute, Plaintiff recorded a video explaining their situation and their damages and included links to the video in their dispute letter.

48.    Plaintiff's first dispute package to TransUnion was delivered and left with an individual at TransUnion on October 13, 2023.

49.    On November 27, 2023, Plaintiff viewed her TransUnion credit report and found that TransUnion had continued to report the disputed Comenity account.

50.    TransUnion violated its duty under 15 U.S.C. §1681i(a)(1)(A) by failing conduct a reasonable investigation into Plaintiff's notice of dispute. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

51.    TransUnion violated its duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider

the documents that Plaintiff attached to the dispute letter. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

52.     TransUnion violated its duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

53.     The fact that TransUnion continued its reporting of the inaccurate information on Plaintiff's credit profiles/credit reports is proof that TransUnion failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information on more than one occasion.

15 U.S.C. §1681i(a)(1)(A) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

15   U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)      promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

54.      TransUnion violated 15 U.S.C. §1681e(b), when it failed to follow reasonable procedures to assure maximum accuracy of the information it reported on Plaintiff's credit report/file. Based on the facts, information and allegations within the complaint, TransUnion willfully, intentionally, recklessly, and negligently violated this section of the FCRA.

55.      If TransUnion had implemented reasonable procedures to assure maximum accuracy, it would have either deleted, suppressed and/or blocked the inaccurate information after being notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

(a)    Accuracy of the Report
Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

## ***Damages***

56.      TransUnion's inaccurate reporting has caused past, current, and future actual damages to the

Plaintiff and will continue to cause damages for an unknown period of time. The inaccurate account being reported has a negative effect on Plaintiff's credit reputation, credit worthiness, and credit scores, and Plaintiff's overall borrowing power is severely damaged. In short, Plaintiff's credit was destroyed. Plaintiff is entitled to an accurate credit file/report.

57.     As a result of TransUnion's violations of the FCRA, which are listed above, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter. TransUnion, as defined above, conducted itself in a manner that it acted willfully, intentionally, recklessly, and/or negligently in its actions related to Plaintiff and therefore Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter.

58.     The conduct of TransUnion was a direct and/or proximate cause, as well as a substantial factor in, and/or a producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this complaint. Plaintiff expects their damages caused by TransUnion to continue to accrue and be ongoing until they are made whole again if that ever occurs.

59.     TransUnion, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as, such other relief, permitted by law to compensate. Plaintiff has suffered the following types of damages due to the previously described conduct of TransUnion:

> a. Physical manifestation of mental anguish, humiliation, embarrassment, and anxiety. Plaintiff's anxiety, depression and mental anguish have caused Plaintiff frequent loss of sleep up to 3-4 nights weekly, weight loss, and neck and back pain. Plaintiff now takes medication for her headaches, loss of sleep, stress, and high blood pressure. Plaintiff's damages are significant, continuing, and ongoing.
>
> b. Emotional damages in the form of mental anguish, humiliation, and embarrassment. The inaccurate reporting has caused Plaintiff to feel anxious in her everyday life. Plaintiff has also suffered from depression

14

as a result of Experian's conduct. Plaintiff also takes medication to alleviate her stress and anxiety. Plaintiff has experienced debilitating stress, anxiety, and depression as a result of Experian's inaccurate reporting and cries frequently due to the stress she has been under. Plaintiff's damages are significant, continuing, and ongoing.

   c.   Damages to Plaintiff's credit worthiness, credit reputation, and borrowing power. Plaintiff's wealth has been delayed as a result of Experian's conduct.

57.  Plaintiff's damages caused by and through the conduct of Experian are more specifically described as follows:

   a.   Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

   b.   Physical manifestations of stress and anxiety include loss of sleep, headaches, weight loss, and neck and back pain.

   c.   Financial damages including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power.

   d.   All other damages as described above.

58.     All of Plaintiff's damages have led to their great detriment and loss were caused by and are continuing due to the above-described conduct of TransUnion.

### *Equifax's FCRA Violations*

59.      After Plaintiff discovered the inaccurate credit reporting of the Comenity Bank account on their Equifax credit report, Plaintiff mailed a dispute directly to Equifax via USPS certified mail.

60.      Plaintiff's dispute package to Equifax included a detailed and thorough dispute letter dated October 6, 2023, and a copy of Plaintiff's driver's license for identification verification.

61.  In order to aid the Equifax in its processing of Plaintiff's dispute, Plaintiff recorded a video

15

explaining their situation and their damages and included links to the video in their dispute letter.

62.     Plaintiff's dispute package to Equifax was delivered and left with an individual at Equifax on October 13, 2023.

63.     On November 27, 2023, Plaintiff viewed her Equifax credit report and found that Equifax had continued to report the disputed Comenity Bank account.

64.     Equifax violated its duty under 15 U.S.C. §1681i(a)(1)(A) by failing conduct a reasonable investigation into Plaintiff's notice of dispute. Based on the facts, information and allegations within the complaint, Equifax willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

65.     Equifax violated its duty under 15 U.S.C. §1681i(a)(4) by failing to review and consider the documents that Plaintiff attached to the dispute letter. Based on the facts, information and allegations within the complaint, Equifax willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

66.     Equifax violated its duty under 15 U.S.C. §1681i(a)(5) by failing to delete or correct the inaccurate information that was disputed. Based on the facts, information and allegations within the complaint, Equifax willfully, intentionally, recklessly, and/or negligently violated this section of the FCRA.

67.     The fact that Equifax continued its reporting of the inaccurate information on Plaintiff's credit profiles/credit reports is proof that Equifax failed to conduct a reasonable investigation, failed to properly review and consider the attached documents, and failed to delete or correct the inaccurate information on more than one occasion.

15 U.S.C. §1681i(a)(1)(A) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And;

15 U.S.C. §1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

And;

15    U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

17

(ii)     promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

68.     Equifax violated 15 U.S.C. §1681e(b), when it failed to follow reasonable procedures to assure maximum accuracy of the information, they reported on Plaintiff's credit report/file. Based on the facts, information and allegations within the complaint, Equifax willfully, intentionally, recklessly, and negligently violated this section of the FCRA.

69.     If Equifax had implemented reasonable procedures to assure maximum accuracy, they would have either deleted, suppressed and/or blocked the inaccurate information after being notified of the problem from Plaintiff's detailed dispute letter along with documents that prove the information is inaccurate.

15 U.S.C. §1681e(b) reads as follows:

(a)     Accuracy of the Report
Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

### ***Damages***

70.     Equifax's inaccurate reporting has caused past, current, and future actual damages to the Plaintiff and will continue to cause damages for an unknown period of time. The inaccurate account being reported has a negative effect on Plaintiff's credit reputation, credit worthiness, and credit scores, and Plaintiff's overall borrowing power is severely damaged. In short, Plaintiff's credit was destroyed. Plaintiff is entitled to an accurate credit file/report.

71.     As a result of Equifax's violations of the FCRA, which are listed above, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter. Equifax, as defined above, conducted itself in a manner that it acted willfully, intentionally, recklessly, and/or negligently in its actions related to Plaintiff and therefore Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter.

72.   The conduct of Equifax was a direct and/or proximate cause, as well as a substantial factor in, and/or a producing cause bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this complaint. Plaintiff expects their damages caused by Equifax to continue to accrue and be ongoing until they are made whole again if that ever occurs.

73.   Equifax, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as, such other relief, permitted by law to compensate. Plaintiff has suffered the following types of damages due to the previously described conduct of Equifax:

    a.   Physical manifestation of mental anguish, humiliation, embarrassment, and anxiety. Plaintiff's anxiety, depression and mental anguish have caused Plaintiff frequent loss of sleep up to 3-4 nights weekly, weight loss, and neck and back pain. Plaintiff now takes medication for her headaches, loss of sleep, stress, and high blood pressure. Plaintiff's damages are significant, continuing, and ongoing.

    b.   Emotional damages in the form of mental anguish, humiliation, and embarrassment. The inaccurate reporting has caused Plaintiff to feel anxious in her everyday life. Plaintiff has also suffered from depression as a result of Experian's conduct. Plaintiff also takes medication to alleviate her stress and anxiety. Plaintiff has experienced debilitating stress, anxiety, and depression as a result of Experian's inaccurate reporting and cries frequently due to the stress she has been under. Plaintiff's damages are significant, continuing, and ongoing.

    c.   Damages to Plaintiff's credit worthiness, credit reputation, and borrowing power. Plaintiff's wealth has been delayed as a result of Experian's conduct.

19

73.      Plaintiff's damages caused by and through the conduct of Equifax are more specifically described as follows:

      a.   Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

      b.   Physical manifestations of stress and anxiety including loss of sleep, headaches, weight loss, and neck and back pain.

      c.   Financial damages including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power.

      d.   All other damages as described above.

74.      All of Plaintiff's damages have led to their great detriment and loss were caused by and are continuing due to the above-described conduct of Equifax.

## COMENITY BANK VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

75. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

76. At all times pertinent hereto, Comenity Bank. is a "person" as that term is used and defined under 15 U.S.C. § 1681a.

77. Comenity Bank supplied Experian, TransUnion, and Equifax with information about Plaintiff that was misleading and inaccurate. It is on information and belief that after the credit reporting agencies received Plaintiff's dispute, they notified and forwarded Plaintiff's dispute to Comenity Bank.

78. Based on information and belief, when the credit reporting agencies sent Comenity Bank notice of Plaintiff's dispute, they included a copy of Plaintiff's dispute letter that contained two video links detailing Plaintiff's situation and how they were in fact a victim.

79. Comenity Bank willfully, intentionally, recklessly and/or negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed. Had Comenity Bank conducted a reasonable investigation it would have recognized that the Plaintiff's credit files/reports were inaccurate.

80. Comenity Bank willfully, intentionally, recklessly and/or negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

15 U.S.C. §1681s-2(b) reads as follows:

**(b)** DUTIES OF FURNISHERS OF INFORMATION UPON NOTICE OF DISPUTE

**(1)** IN GENERAL

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--

**(A)** conduct an investigation with respect to the disputed information;

**(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

**(C)** report the results of the investigation to the consumer reporting agency;

**(D)** If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

**(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

**(i)** modify that item of information;
**(ii)** delete that item of information; or
**(iii)** permanently block the reporting of that item of information.

(2)        DEADLINE

A _person_ shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the _person_ to a _consumer reporting agency_, before the expiration of the period under _section 1681i(a)(1) of this title_ within which the _consumer reporting agency_ is required to complete actions required by that section regarding that information.

81. Comenity Bank's inaccurate reporting has caused, is currently causing and will continue to cause Plaintiff excessive damages. The inaccurate account being reported was negative and so extremely derogatory that Plaintiff's credit reputation, credit worthiness, credit scores and overall ability to obtain financing were, and still are, severely damaged. In short, Plaintiff's credit was destroyed. Plaintiff is entitled to an accurate credit file/report.

82. As a result of Comenity Bank's conduct, Plaintiff has suffered actual damages and injuries to their physical and emotional well-being. Plaintiff has been and still is humiliated and embarrassed over Comenity Bank's reporting. Plaintiff's credit reputation, credit worthiness, credit scores, and overall ability to obtain financing were, and still are, severely damaged.

83. Comenity Bank was the direct and proximate cause, as well as a substantial factor in, and/or a producing cause, in bringing about the serious injuries, damages and harm to Plaintiff. Comenity Bank is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

### _Damages_

84. As a result of Comenity Bank violations of the FCRA, which are listed above, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter. Comenity Bank's conduct was such that it acted willfully, intentionally, recklessly and/or negligently in its actions related to Plaintiff and therefore Plaintiff is entitled to actual, statutory, and punitive damages along with their attorney's fees and costs in this matter.

85. The conduct of Comenity Bank was a direct and/or proximate cause, as well as a substantial factor in, bringing about the serious injuries, damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this complaint. Plaintiff expects their damages caused by Comenity Bank to continue to accrue and be ongoing until they are made whole again if that ever occurs.

86. Comenity Bank, due to its conduct, is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as, such other relief, permitted by law to compensate. Plaintiff has suffered the following types of damages due to the previously described conduct of Comenity Bank:

      a.  Physical manifestation of mental anguish, humiliation, embarrassment, and anxiety. Plaintiff's anxiety, depression and mental anguish have caused Plaintiff frequent loss of sleep up to 3-4 nights weekly, weight loss, and neck and back pain. Plaintiff now takes medication for her headaches, loss of sleep, stress, and high blood pressure. Plaintiff's damages are significant, continuing, and ongoing.

      b.  Emotional damages in the form of mental anguish, humiliation, and embarrassment. The inaccurate reporting has caused Plaintiff to feel anxious in her everyday life. Plaintiff has also suffered from depression as a result of Experian's conduct. Plaintiff also takes medication to alleviate her stress and anxiety. Plaintiff has experienced debilitating stress, anxiety, and depression as a result of Experian's inaccurate reporting and cries frequently due to the stress she has been under. Plaintiff's damages are significant, continuing, and ongoing.

      c.  Damages to Plaintiff's credit worthiness, credit reputation, and borrowing power. Plaintiff's wealth has been delayed as a result of Experian's

conduct.

87. Plaintiff's damages caused by and through the conduct of Comenity Bank are more specifically described as follows:

      a.    Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

      b.    Physical manifestations of stress and anxiety including loss of sleep, headaches, and neck and back pain.

      c.    Financial damages including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power.

      d.    All other damages as described above.

88. All of Plaintiff's damages have led to their great detriment and loss are caused by the above-described conduct of Comenity Bank.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a.  Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Dated:  December 21, 2023

       Respectfully Submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
8570 Anselmo Lane
Baton Rouge, Louisiana 70810
jraburn@mccartyraburn.com
Telephone: 225-412-2777

/s/Kyle Kaufman
Kyle Kaufman
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 39232
McCarty & Raburn, A Consumer Law Firm, PLLC
8570 Anselmo Lane
Baton Rouge, Louisiana 70810
kkaufman@mccartyraburn.com
Telephone: 225-412-2777

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar Roll No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
Telephone: (214) 296-9240
Fax (817) 887- 5069
dennis@crediterrorlaw.com